IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY CARL McDADE,<br>#174 070, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-547-TMH |
| | ) | [WO] |
| JUDGE TRACY STEWART<br>McCOOEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff,  a state inmate proceeding *pro se*,  files this  42 U.S.C. § 1983 action against

the Honorable Tracy McCooey, District Attorney Darryl Bailey, and Douglas Freeman, Esq.

 Plaintiff complains  that his constitutional rights were violated in 2000 during his  criminal

court proceedings in the Circuit Court for Montgomery County, Alabama. Plaintiff requests

$300,000.00 in damages from the named defendants.    Upon review of the complaint, the

court concludes that dismissal of this case prior to service of process is appropriate under 28

U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

*A. Statute of Limitations*

Plaintiff's attempt to assert a challenge to the legality of his criminal trial proceedings held in 2000 is filed  outside the applicable statute of limitations. While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42 (1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . .  Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994).  Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

Although the state statute of limitations applies, the time of accrual of the action is a federal question. *See Cox v. Stanton*,  529 F.2d 47, 49-50 (4th  Cir. 1975).  The running of the statute of limitations begins when Plaintiff knows or has reason to know of his injury. (*Id.*).

Here, Plaintiff should have known of his injury in 2000 when he was convicted and sentenced.   Because Plaintiff failed to file the instant complaint until more than two years after said time period, it is clear that the statute of limitations now bars consideration of his claim.   This claim is, therefore, subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (in an action proceeding under § 1983, the court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

*B.  The Named Defendants*

Even if Plaintiff could demonstrate that his claims against Defendants McCooey, Bailey, and Freeman are not barred by the applicable statute of limitations, his complaint against these defendants would be subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii).   Plaintiff's claims against Judge McCooey emanate from actions taken by her in her judicial capacity during state court proceedings over which she had jurisdiction.  As such, they are subject to dismissal.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his or her judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Moreover, this immunity applies even when the judicial acts are done maliciously

or corruptly. *Stump*, 386 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986).

Similarly, even if Plaintiff could demonstrate that his claims against Defendant Bailey are not barred by the applicable statute of limitations, his complaint against this defendant is not cognizable in an action filed under § 1983. Plaintiff's challenge to this defendant's conduct in initiating and prosecuting criminal charges against him entitles him to no relief.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978). Thus, even if not barred by the limitation period, Plaintiff's complaint against Defendant Bailey is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

Finally, to the extent Plaintiff's claims against trial counsel, Douglas Freeman, are not barred by the applicable statute of limitations, his complaint against this defendants is also

not cognizable  in an action filed under  § 1983.  An essential element of a 42 U.S.C. § 1983

action is that a person acting under color of state law committed the constitutional violation

about which the plaintiff complains.  *American Manufacturers Mutual Ins. Co. v. Sullivan*,

526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health

Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).  To state a viable claim for relief under §

1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party

charged with the deprivation [is] a person who may fairly be said to be a state actor.'"

*American Manufacturers*, 526 U.S. at 50. (Emphasis in original). An attorney who represents

a defendant in criminal proceedings does not act under color of state law.  *Polk County v.

Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th

Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors

and ... are not subject to suit under section 1983.").  Since the conduct about which Plaintiff

complains was not committed by a person acting under color of state law, the § 1983 claims

Plaintiff asserts against Defendant Freeman, to the extent they are not barred by the statute

of limitations, are due to be dismissed as frivolous because they lack an arguable basis in

law.  *Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e)(2)(B)(i).


*C. The Challenge to Plaintiff's Conviction*

      To the extent Plaintiff seeks to challenge the validity of a criminal conviction imposed

upon him by the Circuit Court for Montgomery County, Alabama, he may not do so in this

§ 1983 complaint. Such claims go to the fundamental legality of his confinement, and, consequently, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  *Id*. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a

substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Plaintiff's claims represent a challenge to the constitutionality of his criminal conviction. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of this conviction. It is clear from the complaint that the conviction about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the conviction in question is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the named defendants challenging events which occurred during or before the year 2000 be DISMISSED with prejudice pursuant to the directives of

28 U.S.C. § 1915(e)(2)(B)(i) as Plaintiff failed to file the complaint with regard to these allegations within the time prescribed by the applicable period of limitation;

2.   The § 1983 claims presented against Defendants McCooey, Bailey, and Freeman, to the extent they are not barred by the statute of limitations, be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) & (iii);

3.   Plaintiff's challenge to the constitutionality of his 2000 conviction and sentence imposed upon him by the Circuit Court for Montgomery County, Alabama, be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time

4.   This case be DISMISSED prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

It is further

ORDERED that Plaintiff may file any objections to the Recommendation on or before **September 4, 2012**.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

8

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 20th day of August 2012.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE